# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHUBB INSURANCE COMPANY OF
EUROPE S.A., a foreign
corporation, on behalf of itself and
all other underwriters subscribing
to policy number CJ7317,
                              *Plaintiff,*

          v.

MENLO WORLDWIDER FORWARDING,
INC., a corporation,
                              *Defendant,*

          v.

UPS SUPPLY CHAIN SOLUTIONS,
INC., a corporation f/k/a MENLO
WORLDWIDE FORWARDING, INC.,
       *Defendant-third-party-plaintiff-*
                           *Appellant,*

          v.

QANTAS AIRWAYS LIMITED,
       *Third-party-defendant-Appellee.*

No. 08-55281

D.C. No.
CV-06-07267-DSF
Central District of
California,
Los Angeles

ORDER

Filed September 22, 2010

Before: Diarmuid F. O'Scannlain, Ronald M. Gould and
Sandra S. Ikuta, Circuit Judges.

# ORDER

The court invites briefs from amici curiae addressing the question whether Article 35 of the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45 ("Montreal Convention"), providing that "[t]he right to damages shall be extinguished if an action is not brought within a period of two years," is applicable to indemnity actions brought by defendants against third-party air carriers. The briefs may also address some or all of the following questions:

1.  Article 35 is substantially identical to Article 29 of the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 ("Warsaw Convention"). How does precedent interpreting Article 29 of the Warsaw Convention affect our interpretation of Article 35 of the Montreal Convention?

2.  To the extent that such precedent is relevant, what does it say? Specifically, should we look only to American cases interpreting the Warsaw and Montreal Conventions, or is there also relevant precedent from other signatory nations?

3.  The Montreal Convention differs from the Warsaw Convention in numerous respects, including the addition of Chapter 5. How do these differences affect our interpretation of a defendant's ability to bring third-party indemnity actions under the Montreal Convention?

4.  In interpreting treaties (as opposed to statutes), a court must give effect to the intent of the "contracting" states. *Trans World Airlines, Inc. v. Franklin Mint Corp.*, 466 U.S. 243, 253 (1984). How does this principle affect our interpretation of the effect of Article 35 on the ability of a defendant to bring third-party indemnity actions?

5.  The Montreal Convention's preamble states that a goal of the Convention is the "harmonization and codification of . . . rules." How does this goal affect our interpretation of the effect of Article 35 on the ability of a defendant to bring third-party indemnity actions?

6.  Article 37 of the Montreal Convention provides that "[n]othing in this Convention shall prejudice the question whether a person liable for damage in accordance with its provisions has a right of recourse against any other person." Is this "right of recourse" a subset of the "right to damages" in Article 35, and thus covered under that provision, or is it a right different from the "right to damages" in Article 35, and thus not covered by that provision?

Briefs shall be filed no later than 21 days after the date of this order. Any person or entity wishing to file a brief as an amicus curiae in response to this order is granted leave to do so pursuant to Fed. R. App. P. 29(a).

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2010 Thomson Reuters/West.